In the matter of the petition of ELEANOR E. CADMUS for sale of lands limited over.

[Filed November 9th, 1904.]

Under the Descent act, providing that the grantee or devisee of an estate tail shall have but a life estate therein, and that his widow shall have dower therein as if the grantee had died seized thereof in fee-simple, the widow is entitled to dower in a fund arising from the sale of the estate, though a previous wife of the life tenant had joined with him in a conveyance thereof in fee, with full covenants, it appearing that whatever estate was thus conveyed was subsequently reconveyed to the life tenant.

On exceptions to master's report.

*Mr. William W. Anderson,* for the exceptant.

*Mr. Thomas J. Kennedy, contra.*

MAGIE, CHANCELLOR.

A petition of Mary J. Dowe and others was filed, seeking distribution of a fund, in this court. It was irregularly endorsed but has since been, by order, endorsed as filed in the above-entitled cause where the fund is.

Upon that petition a reference was made to a master, and upon the coming in of his report exceptions were filed thereto. They were brought to hearing, and on March 14th, 1904, a memorandum was filed by me, expressing my conclusions upon all the points presented thereby except one, which was not in a condition to be determined, because the facts on which it was presented had not then been put in evidence. *In re Dowe, supra* p. 11.

As my conclusions sustained the exceptions upon some particulars in respect to which another reference became necessary, I directed that in such reference the master should take evidence and report in respect to the point previously undecided.

The master has upon such reference made a supplemental report, stating the respective shares of the fund to which each person interested is entitled, upon the principles set forth in the memorandum previously filed. He has also reported that Sarah M. Cadmus, the widow of Jasper, is entitled to dower out of the fund, as had been previously reported.

The previous report was that said widow was entitled to have one-third of the fund retained undistributed and invested, and to take the interest thereon during her life. Exception has been filed to the report on the subject of dower, and this brings up the point which was not completely disposed of before.

The previous exceptions had challenged the widow's right of dower upon several grounds. All of them except one were dealt with in the previous memorandum. That then omitted is now presented by proof that Jasper A. Cadmus, the life tenant of the lands out of the sale of which the fund came, had in his lifetime made a conveyance, in which his then wife had joined. The conveyance was in fee, with full covenants, and I think it is the plain inference that both the grantor and the grantees assumed that Jasper had power to convey more than a life estate.

It further appears by the evidence that whatever estate Jasper had thus conveyed had been reconveyed to him. The contention now is that the widow of Jasper (who was not the wife who joined in the conveyance) is barred of her dower thereby.

I deem it unnecessary to determine what the effect of the wife of Jasper joining in the conveyance of the lands would have been if she had survived her husband.

It is settled, in this case, that the lands by the sale of which this fund has arisen were affected by section 11 of the Descent act. For the reasons given in my previous memorandum, Jasper was only a tenant for life of those lands. That section of the statute provides to whom such lands should go at the death of the life tenant, and expressly declares that the widow of the life tenant should have dower therein as if he had died seized thereof. When the lands affected by this statute were sold under legislative authority, all estates and interests in the lands were transferred to the fund raised by the sale.

The question is, therefore, whether by the provisions of the eleventh section above referred to the wife of Jasper (the tenant for life), who survived him, became entitled to dower. In my judgment, the terms of the section are applicable to the surviving wife of the tenant for life. Dower is to be allowed as if the tenant for life had died seized. If he had died seized, his widow would have dower in these lands. The conveyance by a previous wife will not bar the wife who survived. Since the widow would be entitled to dower in the lands if they had not been sold, she is entitled to dower in the fund raised by their sale.

The exceptions must therefore be overruled and the master's report confirmed.

Upon this conclusion the matter would be ripe for an order of distribution, but for the fact that infants are concerned, and no guardian *ad litem* has been appointed. This omission was pointed out in my previous memorandum, and a *quære* was made whether any distribution could be ordered barring the infants, in the absence of a guardian *ad litem*. At present, it seems to me that an order would not be effective as against the claims of the infants.